IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY FRANCIS GERKEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-16-707-W ) |
| CADDO COUNTY JAIL, | ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Jerry Francis Gerken, appearing *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983. United States District Judge Lee R. West referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). A review of the complaint has been conducted pursuant to 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2)(B). Based on that review, it is recommended that the Court **DISMISS** the Complaint **(ECF No. 1)** without prejudice. It is further recommended that the dismissal be counted as a prior occasion or "strike."

I. **SCREENING REQUIREMENT**

The Court must review each complaint in which a prisoner seeks redress against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court likewise must review each case brought by a prisoner with respect to prison conditions and each case in which a plaintiff proceeds *in forma pauperis*. 42 U.S.C. § 1997e(c)(1); 28 U.S.C. § 1915(e)(2). The Court is required to dismiss the complaint or any portion of the

complaint that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1).

## II. STANDARD OF REVIEW

The Court must accept Plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Because Plaintiff is proceeding *pro se*, his complaint must be construed liberally. *See id*. at 1218. The Court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (quotations and citation omitted).

A complaint fails to state such a claim when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citation omitted). Bare legal conclusions in a complaint, however, are not assumed to be true; legal conclusions "must be supported by factual allegations" to state a claim upon which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## III. PLAINTIFF'S COMPLAINT

In his single page Complaint, Plaintiff states, "This County is violating alot [sic] of our rights." (ECF No. 1). Plaintiff does not specify who is violating the rights of

whom, how those rights are being violated, or what injury has been sustained as a result of the allegedly violated rights.

Moreover, governmental sub-units are not separate suable entities that may be sued under § 1983. Plaintiff's complaint does not make specific factual claims against the Caddo County Detention Center and does not demonstrate why this governmental sub-unit is a suable entity. *Hinton v. Dennis*, 362 Fed. Appx. 904, 907 (10th Cir. Jan. 25, 2010) (*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) ("The 'City of Denver Police Department' is not a separate suable entity")).

Plaintiff states that he does not have access to a law library. But there is no abstract, free-standing right to a law library or legal assistance, and an inmate cannot establish relevant actual injury simply by stating that he does not have access to a law library. *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996). Thus, this bare legal claim, standing alone, is not sufficient to state a claim based on lack of access to the courts. Moreover, "a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (noting that although courts construe *pro se* pleadings liberally, courts "will not supply additional factual allegations to round out a plaintiff's complaint"). Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience

and common sense." *Iqbal*, 556 U.S. at 679; *see also Gee v. Pacheco*, 627 F.3d 1178, 1184-85 (10th Cir. 2010) (discussing *Iqbal*). Here, Plaintiff has provided no facts to support his claim that Caddo County is violating his rights.

Accordingly, it is recommended that Plaintiff's Complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## RECOMMENDATION

It is recommended that Plaintiff's Complaint **(ECF No. 1)** be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. It is further recommended that this dismissal be counted as a strike pursuant to 28 U.S.C. § 1915(g). In light of this recommendation, it is recommended that Plaintiff's Motion to Appoint Counsel as contained in his Complaint and his Motion to Appoint Counsel **(ECF No. 6)** be **DENIED**.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is hereby advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by **September 26, 2016.** *See* 28 U.S.C. § 636(b)(1); and Fed. R. Civ. P. 72(b)(2).

Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

**STATUS OF THE REFERRAL**

This Report and Recommendation terminates the referral to the undersigned magistrate judge in the captioned matter.

ENTERED on September 7, 2016.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE